UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEXTER LEWIS VASSAR EL,** <br> **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-946** |
| **ADAM PLUMER, ET AL.,** <br> **Defendants** | **SECTION: "E"(3)** |

## ORDER AND REASONS

Before the Court is a Report and Recommendation issued by Magistrate Judge Daniel E. Knowles III recommending that Dexter Vassar El's 42 U.S.C. § 1983 complaint against Benedict J. Willard, Commissioner Albert A. Thibodeaux, Assistant District Attorney Darrius Greene, and Public Defender Tina Peng be dismissed with prejudice.[1] Judge Knowles further recommended that Plaintiff's claims against Agent Adam Plumer, Commander Doug Elliot, Deputy Rice, Deputy Marcia Wills Watson, and Deputy Lawrence Jones be stayed pending the outcome of Plaintiff's state court proceedings.[2] Plaintiff timely objected to the magistrate judge's Report and Recommendation.[3] For the reasons that follow, the Court adopts the Report and Recommendation as its own, and hereby **DISMISSES** Plaintiff's claims against Defendants Willard, Thibodeaux, Greene, and Peng and **STAYS** Plaintiff's claims against Defendants Plumer, Elliot, Rice, Watson, and Jones.

## BACKGROUND

On March 26, 2018, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 against Defendants challenging the constitutionality of his arrest and related criminal

---

[1] R. Doc. 8.
[2] *Id.*
[3] R. Docs. 9–17.

1

proceedings.[4] As relief, he requests $100,000,000.[5] On May 10, 2018, Magistrate Judge Knowles issued his Report and Recommendation.[6] On May 21, 2018, Plaintiff timely filed his objections.[7]

## **ANALYSIS**

In reviewing the magistrate judge's Report and Recommendation, the Court must conduct a *de novo* review of any of the magistrate judge's conclusions to which a party has specifically objected.[8] As to the portions of the report that are not objected to, the Court needs only to review those portions to determine whether they are clearly erroneous or contrary to law.[9]

In his objections to Magistrate Judge Knowles' Report and Recommendation, Plaintiff asserts that the inadequacy of his claim is the result of his inability to access legal resources, namely Black's Law Dictionary, "due to duress of imprisonment."[10] However, a prisoner's constitutional right to counsel does not guarantee him access to a law library.[11] In this case, Plaintiff was appointed counsel, whom he later dismissed.[12] This appointment satisfied Plaintiff's constitutional right, and officials are not further obligated to provide Plaintiff with legal research materials.[13]

Plaintiff also objects to the magistrate judge's finding that Defendants Willard, Thibodeaux, Greene, and Peng are immune from suit, claiming that he is "a Free and

---

[4] R. Doc. 5.
[5] *Id.*
[6] R. Doc. 8.
[7] R. Doc. 9.
[8] *See* 28 U.S.C. § 636(b)(1) ("[A] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which an objection is made.").
[9] *Id.*
[10] R. Doc. 9 at 1.
[11] *Degrate v. Godwin*, 84 F.3d 768 (5th Cir. 1996).
[12] R. Doc. 8 at 12.
[13] *Degrate*, 84 F.3d at 768.

Sovereign Moorish American National" and, therefore, these Defendants are not protected from his suit.[14] Such a claim has no legal validity and must be dismissed under 28 U.S.C. § 1915.[15] As a result, the Court will dismiss Plaintiff's claims against Defendants Willard, Thibodeaux, Greene, and Peng.

With respect to the remaining Defendants—Plumer, Elliot, Deputy Rice, Watson, and Jones—Plaintiff, who is a pre-trial detainee,[16] challenges the legality of his arrest. Although a plaintiff is not barred from bringing a federal civil rights claim while awaiting trial on a criminal charge,[17] if a plaintiff files a claim related to any rulings that will likely be made in a pending criminal trial, then it is within the power of the district court and in accordance with common practice to stay the civil action until the criminal case is resolved.[18] In this case, because plaintiff's civil rights claims concern his pending criminal trial and the constitutionality of his arrest will likely be addressed by the state court, this Court will stay Plaintiff's federal civil rights claims against Plumer, Elliot, Deputy Rice, Watson, and Jones until Plaintiff's state criminal proceedings conclude.

## CONCLUSION

For the reasons above, the Court **APPROVES** the Magistrate Judge's Report and Recommendations and **ADOPTS** it as its opinion in this matter.[19]

---

[14] R. Doc. 9 at 1.
[15] The court shall dismiss *in forma pauperis* proceedings where "(B) the action or appeal – (i) is frivolous." 28 U.S.C. § 1915. *See, e.g.*, *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (holding the sovereign citizen defense has no validity in American law); *Mason v. Anderson*, No. H-15-2952, 2016 WL 4398680, at *2 (S.D. Tex. Aug. 18, 2016) ("[T]here is no constitutional support for the sovereign citizen claims"); *Berman v. Stephens*, No. 4:14-CV-860-A., 2015 WL 3622694, at *2 (N.D. Tex. June 10, 2015) (holding that reliance on "sovereign citizen" theory is frivolous).
[16] R. Doc. 8.
[17] *Wallace v. Kato*, 549 U.S. 384, 393 (2007).
[18] *Id.* at 393-94. *Kato*, relying on another Supreme Court case, *Heck v. Humphrey*, further notes that if a plaintiff is ultimately convicted and the stayed civil suit would impugn that conviction, then the civil suit must be dismissed. *Kato*, 549 U.S. at 394 (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)).
[19] R. Doc. 8.

**IT IS ORDERED** that Petitioner Dexter Lewis Vassar El's 42 U.S.C. § 1983 complaint against Benedict J. Willard, Commissioner Albert A. Thibodeaux, Assistant District Attorney Darrius Greene, and Public Defender Tina Peng is hereby **DISMISSED WITH PREJUDICE**.[20]

**IT IS FURTHER ORDERED** that Petitioner's 42 U.S.C. § 1983 claims against Agent Adam Plumer, Commander Doug Elliot, Deputy Rice, Deputy Marcia Wills Watson, and Deputy Lawrence Jones be and hereby are **STAYED** pending the outcome of Plaintiff's criminal proceedings in state court.

**IT IS FURTHER ORDERED** that the Court retain jurisdiction over the stayed claims and that the case be restored to the trial docket upon Plaintiff's motion once his criminal proceedings are concluded, so that the claims may proceed to final disposition.

**New Orleans, Louisiana, this 10th day of August, 2018.**

                                                    _____
                                                           **SUSIE MORGAN**
                                      **UNITED STATES DISTRICT JUDGE**

---

[20] R. Doc. 5.